U.S. DISTRICT COURT
AUGUSTA DIV.

2022 SEP 12 ⏐P⏐ 1: 53

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

CLERK
SO. DIST. OF GA.

Case: **CV 1 2 2 - 1 2 2**

Judge: _____

Niela Peters
    Plaintiff,

v.

**CREDIT CONTROL SERVICES, INC**. dba **CREDIT COLLECTION SERVICES, et al.**
                                                                                    **Defendant.**

## PLAINTIFF'S  COMPLAINT

**Plaintiff, Niela Peters ("Plaintiff"), alleges the following against Defendant, CREDIT CONTROL SERVICES, INC dba CREDIT COLLECTION SERVICES ("Defendant"):**

1.      Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

2.      Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

3.      Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

4.      Count IV of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

5.      Count V of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

6.      Count VI of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

7.      Count VII of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

8.      Count VIII of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

9.      Count IX of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

10.     Count X of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

11.     Count XI of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

12.     Count XII of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

13.     Count XIII of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

14.     Count XIV of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S. Code § 1692, et seq. ("FDCPA").

15.     Count XV of Plaintiff's Complaint is based on the Fair Credit Reporting Act, 15 U.S. Code § 1681, et seq. ("FCRA").

16.     Count XVI of Plaintiff's Complaint is based on Extortionate Credit Transactions, 18 U.S.C. §  894.

## JURISDICTION AND VENUE

17.     This court has jurisdiction pursuant to 28 USC § 1331 and 1337 and 15  U.S. Code § 1692k (FDCPA).

18.     Venue and personal jurisdiction in this District are proper because the Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

19.     Plaintiff is a consumer as that term is defined by the FDCPA.

20.     Plaintiff allegedly owed a debt as that term is defined by the FDCPA.

21.     Defendant is a debt collector as that term is defined by the FDCPA.

22.     During the months of July through December 2021, Defendant has attempted to collect a consumer debt from Plaintiff.

23.     Defendant is a collection agency located in the City of Norwood, State of Massachusetts.

24.     Defendant is a business entity engaged in the collection of debt within the State of Georgia.

25.     Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

26.     The principal purpose of Defendant's business is the collection of debts in default and allegedly owed to third parties.

27.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

28.     During the course of Defendant's attempt to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

29.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insurers.

## FACTUAL ALLEGATIONS

30.     Defendant is attempting to collect an alleged consumer debt from Plaintiff.

31.     The alleged debt at issue arises from transactions for personal, family and household purposes.

32.     On or around July 31, 2021, Defendant acquired an alleged debt in default from Progressive. Defendant then placed an account for collection on the Plaintiff's consumer report without contacting Plaintiff.

33.     On or about November 24, 2021, Defendant contacted Plaintiff demanding payment. This is the initial communication between Defendant and Plaintiff. Plaintiff then contacted Defendant

via telephone to request that the Defendant validate the debt pursuant to 15 U.S. Code §1692;
Defendant responded with a cover letter demanding payment, a statement, both containing
Defendant's logo, and a final statement labeled "Final Bill" from Progressive. Defendant failed
to validate the debt.

34.     On or around December 10, 2021, Plaintiff noticed the false and erroneous reporting on
Plaintiff's TransUnion consumer report.

35.     During the time that Defendant reported the false information, Plaintiff suffered damages
including, but not limited to denial of credit, decrease in FICO, high interest rates, financial
harm, mental anguish, and emotional distress.

36.     On or around December 15, 2021, Plaintiff sent Defendant a notice to cease and desist
communicating with third parties until Defendant validated the debt. Defendant failed to
respond.

37.     On December 20, 2021, Plaintiff then filed complaints with the Consumer Financial
Protection Bureau ("CFPB") regarding Defendant's abusive debt collection practices and relief
for Defendant's violations. Defendant responded to the CFPB stating that they would close the
account and instruct the Consumer Reporting Agencies to delete the tradeline but failed to
remedy the violations.

38.     On or around December 28, 2021, Plaintiff then followed up with an invoice as the
desired remedy for Defendant's violations. Defendant failed to respond to remedy the violations.
Plaintiff made a complaint with the CFPB on January 12, 2022, informing the CFPB of

Defendant willful failure to remedy the violations. Defendant marked the complaint as duplicate on January 14, 2022.

39.     Plaintiff attempted to resolve the violations via the CFPB again on February 2, 2022. Defendant once again marked the complaint as duplicate on February 3, 2022.

40.     Plaintiff sent Defendant an Affidavit of Truth stating the facts of the violations. Defendant failed to rebut the Affidavit with an Affidavit An unrebutted affidavit stands as truth in commerce.

41.     On or around February 28, 2022, Plaintiff sent a notice of default and opportunity to cure in which Defendant failed to respond or cure.

42.     Plaintiff attempted one last time before resorting to legal remedy to resolve the violations. On or around August 23, 2022, Plaintiff sent Defendant an intent to sue letter in which Defendant failed to respond.

## COUNT I :

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

   a. Defendant violated 15 U.S. Code § 1692b(2) by stating the Plaintiff owed a debt to someone other than the Plaintiff (consumer).

   b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II :

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

    a.  Defendant violated 15 U.S. Code § 1692b(5) by using language and symbols on the envelopes and in the contents of any communication effected by the mails that indicates Defendant is in the debt collection business, or that the communication relates to the collection of a debt.

    b.  As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

    a.  Defendant violated 15 U.S. Code § 1692c(a) by communicating with Plaintiff without the prior consent of the Plaintiff.

    b.  As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant

to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IV:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's

Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692c(b) by communicating with third parties

(Consumer Reporting Agency), not permitted by law, without the prior consent from

Plaintiff.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages

pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to

15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT V:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's

Complaint as the allegations in Count I of Plaintiff's Complaint.

a.  Defendant violated 15 U.S. Code § 1692d by engaging in conduct in which the natural

consequence of which is to harass, oppress, or abuse Plaintiff in connection with the

collection of a debt.

8

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT VI:

### C. DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

48.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692d(1) by use of criminal means to harm the reputation of the Plaintiff. Defendant used identity theft to ruin the reputation of the Plaintiff with the Consumer Reporting Agencies and potential creditors.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT VII:

### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

49.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692d(2) by use of obscene and profane language the natural consequence of which is to abuse the Plaintiff. Plaintiff found the following but not limited to, to be obscene and profane language "the above referenced amount is correctly stated; please remit payment; this is an attempt to collect a debt; our records indicate that your past due account remains unpaid; please remit payment by mail (together with the payment stub of this notice);  make suitable arrangements; once full payment has been posted by this office, your account will be closed; returned to your creditor as paid in full; the above account has been reported to one or more of the credit bureaus; please pay this amount.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT VIII:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a.   Defendant violated 15 U.S. Code § 1692e(2)(A) by false representation of the amount of any debt. Not only is the amount in a positive balance, but Plaintiff allegedly owes the debt Defendant is attempting to collect.

b.   As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IX:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

   a. Defendant violated 15 U.S. Code § 1692e(8) by communicating to TransUnion, credit information which is known or should be known to be false.

   b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT X:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

52.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

   a. Defendant violated 15 U.S. Code § 1692e(10) by using false representation and deceptive means, such as creating a notice to make Plaintiff believe she owed a debt to Defendant. Defendant also used deceptive means such as furnishing inaccurate information on Plaintiff's consumer report with the intent to collect a debt.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT XI:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

53.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692f by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all the misconduct alleged herein

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT XII:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692g by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's rights to dispute the debt, when Defendant continued to relentlessly attempt to collect the alleged debt from Plaintiff despite Plaintiff orally disputing owing the alleged debt.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT XIII:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55.    Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a. Defendant violated 15 U.S. Code § 1692g of the FDCPA by failing to validate the debt by providing the required information as defined by the FDCPA.

b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT XIV:

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

56.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

   a. Defendant violated 15 U.S. Code § 1692j by furnishing deceptive forms, knowing such form would be used to create false belief in Plaintiff that a person other than Progressive is participating in the collection of or in an attempt to collect a debt Plaintiff allegedly owes to Progressive.

   b. As a result of a violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT XV :

### DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT

57.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

   a. Defendant violated 15 U.S. Code § 1681 by furnishing information relating to Plaintiff to TransUnion. Defendant knew or had reasonable cause to believe that the information was inaccurate.

   b. As a result of a violation of the FCRA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1681n(1)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(3) from Defendant.

## COUNT XVI :

## COUNT XVI OF PLAINTIFF'S COMPLAINT IS BASED ON 8 COMMERCIAL CODES VIOLATED BY DEFENDANTS.

58.     Plaintiff repeats and realleges paragraphs one (1) through forty-two (42) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

a.  Defendant violated 18 U.S. Code § 1341 by devising or intending to devise artifice to obtain money by means of false or fraudulent representations.

b.  Defendant violated 18 U.S. Code § 875(d) by having the intent to extort from Plaintiff, money, transmitted in interstate commerce, a communication containing a threat to injure the reputation of the addressee.

c. Defendant violated 18 U.S. Code § 241 by conspiring with Progressive and TransUnion to injure, oppress, threaten, and intimidate Plaintiff in the free exercise and enjoyment of any right (right to privacy) secured to her by the Federal Laws.

d. Defendant violated 18 U.S. Code § 242 by deprivation of rights under color of law.

e. Defendant violated 18 U.S. Code § 1028A by knowingly transferring, possessing, and using, without lawful authority, Plaintiff's identification.

f. Defendant violated 12 U.S. Code § 5561(5) by furnishing the negative information on Plaintiff's consumer report, then deleting it (omission), that if proved, would constitute a violation of any provision of Federal consumer financial law.

g. Defendant violated 15 U.S. Code § 1 because Every contract or conspiracy in restraint of trade or commerce among the several States is declared to be illegal.

h. Defendant violated 42 U.S. Code § 408(8) by using Plaintiff's social security number to furnish information on Plaintiff's consumer report.

## PRAYER AND RELIEF

WHEREFORE, the Plaintiff, Niela Peters demands Judgement be entered against the Defendant,

Credit Control Services dba Credit Collection Services for the following:

A. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S. Code § 1692k;

and

B. Damages due to defamation of character, impeding the Plaintiff's pursuit of happiness,

extreme duress and denial of credit; and

C. Costs and attorney's fees pursuant to 15 U.S. Code § 1692k; and

D. For such other and further relief as the Court may deem just and proper.


DATED: September 12, 2022


Respectfully Submitted,

_____ /s/ niela peters Niela Peters

5121 Washington Rd

Ste 2 #99

Evans, Georgia 30809

9015459436

# CREDIT COLLECTION SERVICES

*Exhibit A*
*15 USC 1692b(5)*

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

**CALL CENTER: (617) 581-1058**

*15 USC 1692b(5)*

November 30, 2021

00001 1 SP 0.530 T 1
NIELA PETERS
246 ROBERT C DANILE PARKWAY UNIT 1164
AUGUSTA GA 90909

| | |
|---|---|
| **CREDITOR:** | PROGRESSIVE PREMIER INS CO OF IL |
| **ACCOUNT NUMBER:** | 943812836-0001-27-10-$M |
| **CCS NUMBER:** | 87912948 - 5 - PDGA10 |
| **AMOUNT OF THE DEBT:** | $102.62 *15 USC 1692e(2)(A) ; 15 USC 1692(b)(2)* |

Enclosed please find a copy of the document(s) you requested. *) Not a debt validation 15 USC 1692g*

*1692b(2)* The above referenced amount is correctly stated. Please remit payment at this time and/or contact this office for personal assistance. Thank you. *1692g* *1692d(2)*

We are required to make the following statement: this is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication was sent from a debt collector.

*15 USC 1692b(5)*

001-002-00003041-00

170

*[handwritten: Exhibit c]*
*[handwritten: 15 USC 1692b(5)]*

# CCS USA
ESTABLISHED 1969

725 Canton Street, Norwood, MA 02062
Self-service: www.ccspayment.com
8am to 8pm EST, Monday to Friday and 9am to 5:30pm EST, Saturday

**CALL CENTER: (617) 581-1058**

*[handwritten: 15 USC 1692b(5)]*
*[handwritten: 15 USC 1692j(a)]*
*[handwritten: 15 USC 1692c(b)]*

06954 1 SP 0.530 T 14
NIELA PETERS
246 ROBERT C DANILE PARKWAY UNIT 1164
AUGUSTA GA 90909

*[handwritten: 15 USC 1692e(12)]*
*[handwritten: 15 USC 1692e(2)]*

Date: 12/02/21
File Number: 05 0879 12948
Pin Number: 81230
943812836-0001-27-10-$M
CANCEL DATE: 06/18/2021

*[handwritten: 15 USC 1692b5 1692d(2)]*

| | |
|---|---|
| **CREDITOR:** PROGRESSIVE PREMIER INS CO OF IL | **AMOUNT OF THE DEBT:** $102.62 |

*[handwritten: 15 USC 1692e(2)]*
*[handwritten: 15 USC 1692e(A)]*

Thank you for your attention at this time. As of 12/02/21, our records indicate that your past-due account remains unpaid. Please respond to this notice. *[handwritten: 15 USC 1692d(2)]*

*[handwritten: 15 USC 1692d(2)]*

Please remit payment by mail (together with the payment stub portion of this notice), by telephone, or by visiting our self-service website @ **www.ccspayment.com**. If you would like to make suitable payment arrangements, our Customer Service Agents are available at (617) 581-1058. Let's work together to resolve this matter. Thank you.

*[handwritten: 15 USC 1692(b)(2)]*

Once full payment has been posted by this office, your account will be closed and returned to your creditor as paid-in-full. We are required to make the following statement: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. *[handwritten: 15 USC 1692b(5)]*



**SELF-SERVICE WEBSITE:** You can activate email messaging, upload correspondence, request telephone calls to stop, pay by check, Visa, MasterCard, Discover, arrange a payment plan, and more at our secure website: **www.ccspayment.com**.



**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1058.



**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: PROGRESSIVE PREMIER INS CO OF IL. *[handwritten: 15 USC 1692 d(2)]*

**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 607, Norwood, MA 02062-0607 or fax to: (617) 658-5710. You can include a copy of this notice to avoid processing delays.

0016 - GA

CREDIT REPORTING: The above referenced account has been reported to one or more of the credit bureaus. *[handwritten: 15 USC 1692e(10)]*

*[handwritten: 15 USC 1692d(4)]* *[handwritten: 15 USC 1692e(8)]* *[handwritten: 15 USC 1692d(1)]*

| |
|---|
| File Number: 05 0879 12948 Pin Number: 81230 NIELA PETERS |

**PLEASE PAY THIS AMOUNT:** $102.62 *[handwritten: 15 USC 1692d(2)]*

Do not mail post-dated checks. You can call (617) 581-1058 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

# Go Green

We offer secure email messaging, as well as the ability to pay or send correspondence online. It's quick, easy, and helps protect the environment. Please consider visiting our self-service website at: **www.ccspayment.com**.

*[handwritten: 15 USC 1692d(2)]*

5970000160879129480001026 29



PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631

*PROGRESSIVE*
DIRECT Auto
15USC 1692b(5)

Niela Peters
Valued customer since 2020
**Policy Number: 943812836**
Underwritten by:
Progressive Premier Ins Co of IL
Date of Mailing: June 20, 2021
Policy Period: May 24, 2021 - Nov 24, 2021
Page 1 of 1

NIELA PETERS
102 GROVE LANDING CT
GROVETOWN, GA 30813

15USC 16929

**Online Service**
**progressive.com**
**Customer Service**
**1-800-776-4737**

# Final Bill

Please note that you no longer have insurance with us, effective June 18, 2021.
16929(2)
Although your policy canceled, there is still a balance due. Please see your payment summary below for more information.
If you already sent your payment, thank you, but please know that your payment will not reinstate your policy. Underline to
pay the amount owed within 15 days of the date of this notice may result in your referral to a collections agency. 15USC1692d(1)
If you have questions about your cancellation, or would like to learn how to keep this policy or purchase a new one, 15USC1692d(4)
please call us.
15USC1692e(12)

| | |
|---|---:|
| Policy premium for coverage until June 18, 2021 | $81.62 |
| Installment fees | 1.00 |
| Rejected payment fee | 20.00 |
| Total | $102.62 |
| Total amount paid | 0.00 |
| **Total amount due** | **$102.62** |
| **Due date** | **Past due** |

.....................................................................................................................

# Payment Coupon

| | |
|---|---:|
| **Total amount due** | **$102.62** |
| **Due date** | **Past due** |
| Amount enclosed | $ |

Policy Number:  943812836
Niela Peters
**For immediate payment**, please go to
progressive.com or call 1-800-999-8781.
**If you pay by check**, please allow five to
seven days for your payment to reach us.
Write your policy number on the check and
make it payable to Progressive Premier Ins Co
of IL.

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

PROGRESSIVE
DEPT 0561
CAROL STREAM IL 60132-0561

Do not write below this section of coupon.
IC-64918      Form 6269 GA (04/18)

0561943812836l0278  0010262  0010262  5000582  0563862  001005242100


002-002-00003042

Exhibit D

P F7SCJ-002 00362-I008037 01/24

Page 2 of 13

File Number: 360296209   Date Issued: 12/10/2021

CREDIT COLLECTION SERVIC =8791**** P O BOX 607, NORWOOD, MA 02062, (603) 570-4784

| | | | Pay Status: ›In Collection‹ |
|---|---|---|---|
| Placed for collection: 07/31/2021 | Balance: | $102 | |
| Responsibility: Individual Account | Date Updated: 12/03/2021 | | |
| Account Type: Open Account | Original Amount: $102 | | |
| Loan Type: COLLECTION AGENCY/ATTORNEY | Original Creditor: PROGRESSIVE (Insurance) | | |
| | Past Due: ›$102‹ | | |

Remarks: ACCT INFO DISPUTED BY CONSUMR; ›PLACED FOR COLLECTION‹
Estimated month and year that this item will be removed: 04/2028

Niela Peters
Consumer/ Natural Person
246 Robert C Daniel Pkwy #1165
Augusta, Georgia 30909
12/15/2021

CREDIT COLLECTION
SERVICES
725 Canton St,
Norwood, Massachusetts
02062

# CEASE AND DESIST

It has come to my attention that CREDIT COLLECTION SERVICES, a third-party debt collector is violating my federally protected rights as a consumer. I received a notification that CCS is illegally reporting an alleged debt on my consumer report. I demanded a debt validation letter pursuant to 15USC 1692g, in which CCS failed to send one. Instead, they sent a last statement that was provided to them by PROGRESSIVE. Pursuant to 15 USC 1692c(c), I refuse this alleged debt, this alleged debt is not mine. This is a refusal to pay.

This is a cautionary notice to CREDIT COLLECTION SERVICES to stop the illegal activity and the actual infringement of my intellectual property right. I, the natural person/ consumer, am aware that my privacy rights were breached under the Fair Credit Reporting Act. I noticed CREDIT COLLECTION SERVICES also violated my rights under for illegal debt collection practices under the Fair Debt Collection Practices Act. This notice serves as an attempt to resolve these violations before litigation.

I demand that PROSPER:

- Audit Trail of this account (05 0879 12948)
- Zero out the balance on this account.
- Stop illegal negative activity of this account to all Consumer Reporting Agencies.
- Remove this account from all Consumer Reporting Agencies.
- Pay the invoice to compensate me for violating my rights. (Make the check payable to Niela Peters.)

Ignoring this Cease and Desist may be taken as evidence that the infringement was WILLFUL. This is the first step to litigation. If you do not honor my demands, the cease and desist, or if you fail to respond, litigation will be brought upon you.

Sincerely,

Niela Peters

UCC 1-308

Niela Peters
Consumer/Natural Person

 Consumer Financial
Protection Bureau  (https://www.consumerfinance.gov/)

❮ All complaints (.)

# 211220-7806628

**CLOSED**

 Submitted

**STATUS**

Submitted to the CFPB on 12/20/2021

**PRODUCT**

Debt collection

**ISSUE**

Took or threatened to take negative or legal action

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

I, consumer Niela Peters send Credit Consumer Services a cease and desist letter on 12/15/2021 via certified mail with return receipt with the following tracking number 70203160000193630713. The letter was sent to Credit Collection Services to stop the actual infringement of my intellectual property rights and federally protected rights pursuant to FDCPA. The letter also stated my remedies and demanding that the activity stop. I entered into a consumer credit transaction with Progressive Insurance. Progressive sent a statement to Credit Collection Services, a 3rd party debt collector, a collection agency, to illegally collect an alleged debt. I consumer Niela Peters did not enter into a contract with Credit Collection Services, therefore I do not owe this alleged debt. On 11/24/2021, when Credit Collection Services contacted me without my permission, I

demanded they send me a debt validation letter pursuant to 15USC1692g(a). Credit Collection Services failed to send a letter pursuant to 15USC1692g(a), thus preventing me from being able to exercise my rights to validate this alleged debt. They instead sent me a last statement and a letter with abusive language.

**ATTACHMENTS**

ccs c&d.pdf (614.9 KB)
IMG_20211220_0001.jpg (309.9 KB)

View full complaint ⊕

## ✔ Sent to company

**STATUS**
Sent to company on 12/20/2021

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ✔ Company responded

**STATUS**
Company responded on 12/23/2021

**RESPONSE TYPE**
Closed with explanation

### Company's Response

Our office is in receipt of the complaint filed by Ms. Niela Peters. We greatly appreciate this opportunity to respond. Please be advised that this account was previously closed with our office on after receiving correspondence from Ms. Peters that contained a request to cease contacting her. Furthermore, the Credit Reporting Agencies (CRAs) were also instructed to delete the account at that time. Please note that we cannot control the speed in which the

CRAs act upon our request and we recommend giving them at least thirty (30) days to update their records. We trust this resolves your concerns.

## ✓ Feedback provided

**STATUS**
Feedback provided on 12/31/2021

### Your feedback

**THE COMPANY'S RESPONSE ADDRESSED ALL OF MY ISSUES**
No

**ADDITIONAL COMMENTS**
Credit Collection Services failed to respond to all of my demands in my cease and desist letter. Credit Collection Services admitted to infringing my intellectual property rights but failed to respond to me invoking my remedy under the FDCPA, 15 USC 1692k.

**I UNDERSTAND THE COMPANY'S RESPONSE TO MY COMPLAINT**
No

**ADDITIONAL COMMENTS**
Credit Collection Services failed to address my demand for remedy under 15 USC 1692k

**THE COMPANY DID WHAT THEY SAID THEY WOULD DO WITH MY COMPLAINT**
No

**ADDITIONAL COMMENTS**
Credit Collection Services addressed all but one demand from my cease and desist letter.

---

### What happens now?

The complaint process is complete and your complaint is now closed.

We have taken the following additional actions on your complaint:

- We added your complaint to the CFPB's Consumer Complaint Database (http://www.consumerfinance.gov/data-research/consumer-complaints).
- Your feedback, and feedback from others, helps us understand how companies are addressing concerns raised by consumers in their complaints. We will also share your

feedback with the company.

- We have also shared your complaint with the Federal Trade Commission, which will add your complaint to its database for state and federal law enforcement agencies.

We appreciate your participation in the complaint process and your feedback on the company's response. Both are important to us and consumers who may have similar issues and concerns.

 Closed

The CFPB has closed your complaint.



**ADDITIONAL TOOLS AND RESOURCES**

Debt Collection (https://www.consumerfinance.gov/consumer-tools/debt-collection/)

**Privacy Act Statement**

**OMB #3170-0011**

**Note on user experience**

Have a question? ¿Preguntas?

# INVOICE

**Niela Peters**

**DATE** 12/28/2021

246 Robert C Daniel Pkwy
#1165
Augusta, Georgia
901.545.9436

TO
*CREDIT COLLECTION SERVICES*
*725 Canton St,*
*Norwood, Massachusetts*

**FOR** violation of rights under FDCPA

| Description | Amount |
|---|---|
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1692c(b) | $1,000.00 |
| 15 USC 1692e(2) | $1,000.00 |
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692e(A) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1681b(3) | $1,000.00 |
| 15 USC 1692d(1) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692e(8) | $1,000.00 |
| **Total** | **$13, 0000** |

Make all checks payable to Niela Peters, if payment is not received in 30 days from the date of this invoice, a 10% late fee will apply each day.
If you have any questions concerning this invoice, contact Niela Peters | 901.545.9436 |

THANK YOU FOR YOUR BUSINESS!

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

❮ All complaints (.)

# 220113-7926779
**CLOSED**

 Submitted

**STATUS**
Submitted to the CFPB on 1/12/2022

**PRODUCT**
Debt collection

**ISSUE**
Written notification about debt

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

On December 30, 2021, I consumer, Niela Peters sent CCS an invoice, via certified mail (70203160000193630812) as my desired remedy (15 USC 1692k), for violating my consumer rights under the FDCPA. CCS has not responded to my demand for invoking my desired remedy. CCS must pay the invoice for violation of my rights.

**ATTACHMENTS**

invoice_ccs.docx (59.6 KB)

ccs invoice.jpg (306.6 KB)

Complaint Detail

View full complaint ➕

## ✓ Sent to company

**STATUS**

Sent to company on 1/12/2022

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

## ⓘ Marked as duplicate

**STATUS**

Marked as a duplicate complaint on 1/14/2022

This complaint appears to be a duplicate of a complaint we've already received. We've included a reference to this complaint on that record.



**ADDITIONAL TOOLS AND RESOURCES**

Debt Collection (https://www.consumerfinance.gov/consumer-tools/debt-collection/)

 Consumer Financial
Protection Bureau
(https://www.consumerfinance.gov/)

❮ All complaints (.)

# 220202-8052659
## CLOSED

 Submitted

**STATUS**
Submitted to the CFPB on 2/2/2022

**PRODUCT**
Debt collection

**ISSUE**
Written notification about debt

### We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

THIS IS NOT A DUPLICATE COMPLAINT. I consumer Niela Peters sent CCS a cease and desist letter, in which they responded once I filed a CFPB complaint. CCS responded they were closing the account in their office and that they instructed the CRAs to delete the account from their records. This complaint can be referenced with the complaint id 211220-7806628. Since CCS violated my rights under the FCRA and FDCPA, I am invoking my remedy under 15 USC 1692k. CCS is liable for willfully violating my rights. CCS is willfully and negligently not compliant with the federal law. CCS must pay the attached invoice, that was sent to CCS via certified mail, 70203160000193630812. CCS received this invoice on January 11, 2022. CCS is now in default of this invoice.

**ATTACHMENTS**

ccs invoice.jpg (306.6 KB)

invoice_ccs.docx (59.6 KB)

View full complaint ⊕

✓ Sent to company

**STATUS**

Sent to company on 2/2/2022

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.

ⓘ Marked as duplicate

**STATUS**

Marked as a duplicate complaint on 2/3/2022

This complaint appears to be a duplicate of a complaint we've already received. We've included a reference to this complaint on that record.



February 05, 2022                                                                                                                        1

Affidavit of Truth

Notice to all, I am that I am, the consumer in fact, natural person, original creditor, lender, executor, administrator, holder in due course for any and all derivatives thereof for the surname/ given name PETERS, NIELA, and I have been appointed and accept being the executor both public and private for all matters proceeding, and I hereby claim that I will d/b/a NIELA PETERS and autograph as the agent, attorney in fact, so be it;

Whereas, I of age, of majority, give this herein notice to all, I make solemn oath to the one and only most high of creation only, whoever that may be, and I depose the following facts, so be it, now present:

Fact, Affiant is aware and has proof in EXHIBIT A that CREDIT COLLECTION SERVICES is in violation of 15 USC 1692g. CREDIT COLLECTION SERVICES failed to send me a debt validation letter so I may be able to exercise my rights to validate this alleged debt, and;

Fact, nothing within the subsection of 15 USC 1692g(a), validates a debt. This section of the FDCPA simply states a requirement of the debt collector to deliver, to I the consumer and affiant, in the process of validating a debt. No debt has been validated, and I have never admitted any liability of this alleged debt in the past and I do not claim liability now. No proof of claim can be validated without the requested information in the affidavit herein is provided to the affiant.

Fact, Affiant is aware and has proof in EXHIBITS A & C, that CREDIT COLLECTION SERVICES allege, I the affiant, owes a debt but the alleged debt is shown in the positive amount, this is a violation of 15 USC 1692e(2)(A), allege I, the affiant, owes a debt but the alleged debt is shown in the positive amount the false character of the amount of any debt.

Fact, Affiant is aware and has proof in EXHIBITS A & C that CREDIT COLLECTION SERVICES violated 15 USC 1692b(2). CREDIT COLLECTION SERVICES violated me by stating that I owed an alleged debt.

Fact, the affiant is aware of and has documentation in EXHIBITS A & C that CREDIT COLLECTION SERVICES used its symbol while seeking to collect a debt, which is illegal under 15 USC 1692b (5). My privacy was breached as a result of this violation.

Fact, affiant is aware and has proof in EXHIBIT C of CREDIT COLLECTION SERVICES stating "that your account is past due and remains unpaid" which is language that is obscene to me and causes me mental anguish and anxiety. This is a violation of 15 USC 1692d(2).

Cert Mail #: 7020 3160 0001  9363  5930

February 05, 2022                                                                                     2

Fact is, the affiant is aware of and has documentation in EXHIBIT A & C that CREDIT COLLECTION SERVICES used its symbol while attempting to collect a debt, which is prohibited by 15 USC 1692b (5). As a result of this violation, my privacy has been violated.

Fact, Affiant is aware and has proof in EXHIBIT D, that CREDIT COLLECTION SERVICES has violated 15 USC 1692d(1) by reporting unverified, false, and misleading information of my consumer report thus ruining my reputation with the Consumer Reporting Agencies.

Fact, affiant has reason to be believe and do so believes, CREDIT COLLECTION SERVICES in accordance with Article 9, the assignment of a defaulted note is illegal. Both the assignee and the assigned are both liable for violations under 15 USC 1692e(12) .

Fact, the affiant is well aware that deletion is the same as admittance. CREDIT COLLECTION SERVICES stated in exhibit E that when they closed the account and deleted the information from my consumer report, they infringed on my intellectual property rights.

Fact, affiant is aware pursuant to 15 USC 1692k(a)(1) allows civil liability rewards for any damages, including stress, harassment, anxiety, mental anguish, and other damages all caused by violations of FDCPA as a result of CREDIT COLLECTION SERVICES's abusive and deceptive business practices.

I swear under penalty of perjury that all of the information provided above is true, correct, and accurate to the best of my knowledge.

**SILENCE IS ACQUIESCENCE.**

Respectively,

Peters, Niela
Niela Peters
UCC 1-308
Consumer/Authority/Principal Creditor/Authorized Representative

Cert Mail #: 7020 3160 0001 9363 5480

February 05, 2022                                                                      3

State of Georgia

County of Columbia

This instrument was acknowledged before me on 02/08/22 by Niela Peters

(Personalized Seal)                                     Notary Public's Signature


                                                        Jeanna Pickus

Cert Mail #: 7020 3160 0001 9367S960

02/28/2022
Niela Peters
246 Robert C Daniel Jr Pkwy #1165
Augusta, Georgia 30909

CREDIT COLLECTION SERVICES
725 Canton St,
Norwood, Massachusetts 02062
RE: 05 0879 12948

## NOTICE OF DEFAULT AND OPPORTUNITY TO CURE

This is a notice that CREDIT COLLECTION SERVICES has defaulted. CREDIT COLLECTION
SERVICES has failed to rebut my affidavit of truth that was sent on February 05, 2022.  An
unrebutted affidavit stands as truth in commerce; he who does not deny, admits 12 Pet. 1:25;
Heb. 6:13-15). I previously attempted to resolve this issue with CREDIT COLLECTIONS
SERVICES via an invoice sent certified mail, 70203160000193630812 on 12/30/2021. CREDIT
COLLECTIONS SERVICES have failed to honor my desired remedy for their violation of my
consumer rights. CREDIT COLLECTION SERVICES has failed to provide requested
documentation: audit trail of this account and a debt validation. CREDIT COLLECTION
SERVICES only honored two parts of my cease and desist, which was to delete the derogative
information for my consumer reports and close this account with a zero balance.

After thorough investigation of the documents that CREDIT COLLECTION SERVICES sent in
response to my demand for a debt validation and audit trail of this account, I have identified
several, willfully and non-complaint violations of the federal law. I have attached proof of all
documents showing the violations as well as the documents that were previously sent to
CREDIT COLLECTION SERVICES.

This is a notice to give CREDIT COLLECTION SERVICES the opportunity to cure the violations
of my rights under the federal law, Title 15, Chapter 41, Fair Credit Reporting Act and Fair Debt
Collection Practices Act. Pursuant to 15 USC 1692k, CREDIT COLLECTION SERVICES you
are civilly liable for any actual damages.

This will serve as my last attempt to resolve this issue with CREDIT COLLECTION SERVICES
before litigation. **For your violations I am assessing a fine of $ 19,800.00.  You have 10
days from receipt of this notice to honor my remedy**, if you do not, it may be taken that the
infringement and violations was willful and negligently non complaint with the federal law.

By: Peters; Niela - Neesove
    Consumer / natural person/ authorized representative

cert mail: 7021 3050 0000 9449 1610

# INVOICE

**Niela Peters**

**DATE** 02/28/2021

246 Robert C Daniel Pkwy
#1165
Augusta, Georgia
901.545.9436

TO
*CREDIT COLLECTION SERVICES*
*725 Canton St,*
*Norwood, Massachusetts*

**FOR** violation of rights under FDCPA

| Description | Amount |
|---|---|
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1692c(b) | $1,000.00 |
| 15 USC 1692e(2) | $1,000.00 |
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692e(A) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692b(5) | $1,000.00 |
| 15 USC 1681b(3) | $1,000.00 |
| 15 USC 1692d(1) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692d(2) | $1,000.00 |
| 15 USC 1692e(8) | $1,000.00 |
| 15 USC 1692k  -mental anguish, anxiety, embarrassment, stress, harassment | $5,000.00 |
| **Total** | **$18, 000.00** |
| **Late Fee (10%*total)** | $1,800.00 |
| **Subtotal:** | *$19,800.00* |

Make all checks payable to Niela Peters. You have 10 days from the receipt of this invoice to compensate me for the damages and violation of my rights, a 10% late fee will apply each day the remedy is not received.
If you have any questions concerning this invoice, contact Niela Peters | 901.545.9436 |

THANK YOU FOR YOUR BUSINESS!

08/24/2022

Niela Peters
5121 Washington Rd
Ste 2, # 99
Evans, Georgia [30809]


CREDIT COLLECTION SERVICES
725 CANTON ST
NORWOOD, MASSACHUSETTES 02062

ATTN: Legal Department
RE: Violations of the Fair Debt Collection Practices Act


CRECIT COLLECTION SERVICES,

Attached you will find my intent to sue CREDIT COLLECTION SERVICES for the unfair
business practices and violations of the Fair Debt Collection Practices Act which caused
me undue harm.

This is your opportunity to cure and or settle this matter outside of court and avoid a
lawsuit. If you wish to do so, I can be reached via the contact information found below. If
I do not receive a response within 10 days of August 24, 2022, I will move forward with
the suit.

Contact Information:
Niela Peters
P: 901.545.9436
E: nielapeters14@gmail.com


PETERS: NIELA-NEECOLE
Without Prejudice, All Natural Inalienable Rights Reserved.

# LETTER OF INTENT TO SUE

Niela Peters

5121 Washington Rd Ste 2, #99

Evans, Georgia [30809]

Effective Date: August 23, 2022

**RE: Notice of Intent to File Lawsuit**

Dear CREDIT COLLECTION SERVICES ,

This letter of intent to sue shall serve as a formal notice that Niela Peters intends to commence a lawsuit against you due to the following: CREDIT COLLECTION SERVICES violated the Fair Debt Collection Practices Act regarding account reference #: 05 0879 12948

**I. The Plaintiff**. Niela Peters (the "Plaintiff").

**II. The Defendant**. CREDIT COLLECTION SERVICES (the "Defendant").

**III. Settlement Demand**. As a result of your actions, the Plaintiff seeks relief in the form of:

☐ - Payment in the amount of thirty thousand Dollars ($ 30, 000.00 )

☐ - Other: _____

This offer to cure and/or settle this matter outside of court and avoid a lawsuit is valid for 10 days from the Effective Date.

**IV. Governing Law**. This Letter of Intent shall be governed under the laws of the State of Georgia .

Sincerely,

Niela Peters



Page 1 of 1

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Niela Peters

## DEFENDANTS

CREDIT CONTROL SERVICES dba CREDIT COLLECTION SERVICES

**(b)** County of Residence of First Listed Plaintiff   **Columbia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government
      Plaintiff

☒ 3 Federal Question
      *(U.S. Government Not a Party)*

☐ 2 U.S. Government
      Defendant

☐ 4 Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☒ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Management |  | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Injury | ☐ 380 Other Personal Property Damage | Relations | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  |  | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  |  | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S. Code 1692 (FDCPA)

Brief description of cause:
Violation of rights under FDCPA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$55,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____